1   BURKE, WILLIAMS & SORENSEN, LLP
    Daniel W. Maguire (SBN 120002)
2   E-mail: dmaguire@bwslaw.com
    Michael B. Bernacchi (SBN 163657)
3   E-mail: mbernacchi@bwslaw.com
    444 South Flower Street, Suite 2400
4   Los Angeles, CA 90071-2953
    Tel: 213.236.0600
5   Fax: 213.236.2700

6   Attorneys for Defendants Conseco Senior Health
    Insurance Company and Conseco, Inc.
7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  EUGENE J. CAMPEDEL and          Case No.
    CHARMAINE I. CAMPEDEL,
12                                  NOTICE OF REMOVAL OF
                Plaintiffs,         ACTION UNDER 28 U.S.C. § 1441(a)
13
    v.                             [DIVERSITY OF CITIZENSHIP]
14
    CONSECO SENIOR HEALTH
15  INSURANCE COMPANY;
    CONSECO, INC.,
16
                Defendants.
17

18

19      TO PLAINTIFFS EUGENE J. CAMPEDEL AND CHARMAINE I.

20  CAMPEDEL AND TO THEIR ATTORNEYS OF RECORD:

21

22      Defendants Conseco Senior Health Insurance Company and Conseco, Inc.

23  (collectively "Removing Defendants") hereby serve notice of their removal of the

24  above-entitled action to the United States District Court for the Northern District of

25  California from the Superior Court of the State of California for the County of

26  Contra Costa, and respectfully allege as follows:

27  ///

28  ///

1    **PLEADINGS AND PROCEEDINGS TO DATE**

2

3    1.    On March 14, 2008, an action was commenced in the Superior Court

4    for the State of California for the County of Contra Costa entitled *Eugene J.*

5    *Campedel; and Charmaine I. Campedel, Plaintiffs, v. Conseco Senior Health*

6    *Insurance Company; Conseco, Inc.; Does 1 through 10, Defendants*, under Case

7    No. C 08-00599. Attached hereto as Exhibit "A" is a true copy of the Summons

8    and Complaint in said action, together with the following additional pleadings and

9    papers: Civil Case Cover Sheet, Notice of Case Management Conference, Proof of

10   Service of Summons (Conseco Senior Health Insurance Company), Proof of

11   Service of Summons and Complaint on Defendant Conseco, Inc., and Plaintiff's

12   Notice of Change of Firm Name. These documents are the only pleadings

13   contained in the state court file and/or served on Removing Defendants as of the

14   date of this notice of removal. No responsive pleadings have as yet been filed by

15   any defendant.

16

17   2.    Defendant Conseco Senior Health Insurance Company was served

18   with a copy of the Summons and Complaint on April 3, 2008. Defendant Conseco,

19   Inc. was served with a copy of the Summons and Complaint on April 7, 2008.

20   Removing Defendants are informed and believe that there has been no service of

21   process upon Defendants Does 1 through 10, inclusive.

22

23   **DIVERSITY OF CITIZENSHIP**

24

25   3.    Defendant Conseco, Inc. is a corporation, organized and existing under

26   the laws of the State of Delaware, with its principal place of business in Carmel,

27   Indiana.

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-3458-4066 v1                    - 2 -                    NOTICE OF REMOVAL OF ACTION

1       4.     Defendant Conseco Senior Health Insurance Company is a

2  corporation, organized and existing under the laws of the State of Pennsylvania,

3  with its principal place of business in Carmel, Indiana.

4

5       5.     The Complaint names as additional defendants Does 1 through 10,

6  inclusive. These fictitious defendants have not been served with Summons and

7  Complaint in this action and the Complaint fails to state any claim for relief against

8  such fictitious defendants. By reason of the provisions of 28 U.S.C. § 1441(a),

9  these fictitious defendants are to be disregarded for the purposes of removal.

10

11       6.     Removing Defendants are informed and believe that Plaintiff Eugene

12  J. Campedel is a citizen of the State of California, residing in the County of Contra

13  Costa. Removing Defendants are informed and believe that Plaintiff Charmaine I.

14  Campedel is a citizen of the State of California, residing in the County of Contra

15  Costa.

16

17       7.     Diversity jurisdiction exists where the matter in controversy exceeds

18  the sum of $75,000, inclusive of interest and costs. 28 U.S.C. § 1332(a). The

19  amount in controversy for jurisdictional purposes is determined by the amount of

20  damages or the value of the property that is the subject of the action. *Hunt v.*

21  *Washington State Apple Advertising Commission*, 432 U.S. 333, 97 S.Ct. 2434

22  (1977); *Conrad Association v. Hartford Accident and Indemnity Company*, 984

23  F.Supp. 1196, 1198 (N.D. Cal. 1998) (jurisdictional minimum may be satisfied by

24  claims for special and general damages, attorneys' fees, and punitive damages). In

25  the present case, the Complaint alleges damages for breach of contract involving a

26  long term care insurance policy (which Plaintiffs allege pays up to $100 per day for

27  life), emotional distress and attorneys' fees arising from Defendants' alleged breach

28  of the implied covenant of good faith and fair dealing, together with punitive

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-3458-4066 v1       - 3 -       NOTICE OF REMOVAL OF ACTION

1  damages arising from Defendants' alleged malicious, oppressive and a fraudulent

2  conduct. Although Plaintiffs' alleged damages are unspecified in the Complaint,

3  the amount in controversy in this action unquestionably exceeds $75,000.

4

5  **TIMELINESS OF REMOVAL**

6

7  8.    The Summons and Complaint in this action were first served upon

8  Defendant Conseco Senior Health Insurance Company on April 3, 2008. This

9  Notice of Removal is filed within 30 days of said date, and within one year of the

10  date of commencement of the action. This removal is therefore timely under 28

11  U.S.C. § 1446(b).

12

13  **VENUE**

14

15  9.    This is a suit of a wholly civil nature brought in a California court.

16  The action is pending in Contra Costa County, California and, accordingly, under

17  28 U.S.C. §§ 84(c) and 1441(a), the United States District Court for the Northern

18  District of California is the proper forum for the removal.

19

20  WHEREFORE, Removing Defendants Conseco Senior Health Insurance

21  Company and Conseco, Inc. hereby notify Plaintiffs and their attorneys that the

22  action formerly pending in the Superior Court of the State of California for the

23  County of Contra Costa, Case No. C 08-00599, has been removed from that court

24  to the United States District Court for the Northern District of California.

25

26

27

28

1    Dated:  May 2, 2008                    Burke, Williams & Sorensen, LLP
2                                           Daniel W. Maguire
                                            Michael B. Bernacchi
3
4                                           By:
                                                Michael B. Bernacchi
5                                           Attorneys for Defendants
                                            Conseco Senior Health Insurance
6                                           Company and Conseco, Inc.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-3458-4066 v1                       - 5 -        NOTICE OF REMOVAL OF ACTION

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

20[ ] MAR 14 P 1:01

K[...] CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA
BY [signature], Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONSECO SENIOR HEALTH INSURANCE COMPANY; CONSECO, INC.;
DOES 1 THROUGH 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EUGENE J. CAMPEDEL; and CHARMAINE I. CAMPEDEL,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelpespanol), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelpespanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF CONTRA COSTA<br>725 Court Street, Martinez, California  94553-1233 | CASE NUMBER:<br>*(Número del Caso):*<br>C 08-00599 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

FRANK N. DARRAS #128904                909.390.3770
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300, Ontario, CA 91761

| DATE:<br>*(Fecha)* | MAR 1 4 2008 | Clerk, by<br>*(Secretario)* | [signature] | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010)).*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

     under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com |
|---|---|---|

# ORIGINAL
## EXHIBIT A

6

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART & DARRAS, LLP
2  3257 East Guasti Road, Suite 300
   Ontario, CA 91761
3  Telephone:  (909) 390-3770
   Facsimile:  (909) 974-2121
4

5  Attorneys for Plaintiffs

6

7            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                 FOR THE COUNTY OF CONTRA COSTA

9  EUGENE J. CAMPEDEL; and          Case No.: **C  08 - 00599**
   CHARMAINE I. CAMPEDEL,
10                                  COMPLAINT AND JURY DEMAND
11         Plaintiffs,
                                    1)  Breach of the Duty of Good Faith and
12  vs.                                 Fair Dealing
13                                  2)  Breach of Contract
    CONSECO SENIOR HEALTH
14  INSURANCE COMPANY; CONSECO,
    INC.; DOES 1 THROUGH 10,
15
16         Defendants
17
18    Plaintiff alleges as follows:

19                    **GENERAL ALLEGATIONS**

20                       **Introduction**

21       1.    One of the most egregious acts that can be carried out by an insurance

22  company, such as Defendant, CONSECO SENIOR HEALTH INSURANCE COMPANY,

23  is the intentional exploitation of elderly insureds.

24       2.    Unfortunately, that is exactly what happened to Plaintiffs, EUGENE J.

25  CAMPEDEL and CHARMAINE I. CAMPEDEL.

26       3.    On or about November 8, 1996, Plaintiff purchased the Subject policy from

27  Defendant, CONSECO SENIOR HEALTH INSURANCE COMPANY, a wholly-owned

28  subsidiary of CONSECO, INC.

COMPLAINT AND JURY DEMAND
ORIGINAL

**EXHIBIT A**                                                    7

1    4.    The policy was marketed and sold to Plaintiffs to provide peace of mind

2  and security in the event either MR. or MRS. CAMPEDEL became ill and unable to care

3  for themselves.  Plaintiffs continued to pay their premiums for more than a decade,

4  content in the knowledge that they had this protection if they ever needed it.

5    5.    Sadly, in 2006, at the age of 76, MRS. CAMPEDEL became unable to

6  take care of herself and had no choice but to move to utilize the services of Homemaker

7  Services before ultimately having to seek additional medical treatment and services at a

8  skilled nursing facility.  With the assistance of her husband and children, MRS.

9  CAMPEDEL made a claim to CONSECO for long term care benefits, fully expecting

10  prompt payment to defray the costs of her care.

11    6.    Instead, CONSECO maliciously and unreasonably delayed, ignored and

12  failed to timely pay MRS. CAMPEDEL's claim.  Then, CONSECO despicably and

13  unreasonably denied Plaintiffs' the protection of the Waiver of Premium protection

14  provided in the Policy and outrageously required Plaintiffs continue making premium

15  payments in order to keep the Policy in force.

16    **Factual Allegations**

17    7.    At all relevant times, Plaintiffs EUGENE J. CAMPEDEL and CHARMAINE

18  I. CAMPEDEL are residents and citizens of the State of California.

19    8.    Plaintiff alleges upon information and belief that Defendant, CONSECO

20  INC., is, and at all relevant times was, a corporation duly organized and existing under

21  and by virtue of the laws of the State of Indiana and authorized to transact and

22  transacting the business of insurance in this state.

23    9.    Plaintiff alleges upon information and belief that Defendant, CONSECO

24  SENIOR HEALTH INSURANCE COMPANY (hereinafter "CONSECO"), formerly known

25  as Transport Life Insurance Company, is, and at all relevant times was, a corporation

26  duly organized and existing under and by virtue of the laws of the State of Pennsylvania

27  and authorized to transact and transacting the business of insurance in this state.

28    10.    The true names or capacities, whether individual, corporate, associate, or

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S POINT DR, 5TH FL, EL SEGUNDO, CA 90245  TEL 310 321 8030

- 2 -
COMPLAINT AND JURY DEMAND

**EXHIBIT A**    8

1    otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiffs, who

2    therefore sue said Defendants by such fictitious names. Plaintiffs are informed and

3    believe and on such information and belief allege that each of the Defendants sued

4    herein as a DOE is legally responsible in some manner for the events and happenings

5    referred to herein, and will ask leave of this court to amend this Complaint to insert their

6    true names and capacities in place and instead of the fictitious names when the same

7    become known to Plaintiffs.

8        11.    At all relevant times, Defendants, and each of them, were the agents and

9    employees of each of the remaining Defendants, and were at all times acting within the

10    purpose and scope of said agency and employment, and each Defendant has ratified

11    and approved the acts of his agent.

12        12.    On or about November 8, 1996, Plaintiffs purchased long-term care policy

13    number 587143 (the "Policy"), from CONSECO SENIOR HEALTH INSURANCE

14    COMPANY, a wholly owned subsidiary of CONSECO, INC. The initial quarterly

15    premium for the Policy, including all riders, was $804.37. This premium payment has

16    increased substantially since the original date of purchase. A copy of the Policy is

17    attached hereto as Exhibit "A."

18        13.    According to the terms of the Policy, CONSECO agreed to pay benefits as

19    follows:



| Term | Provision |
|---|---|
| Elimination Period | 100 Days |
| Daily Nursing Care Facility/Residential Care Facility Benefit | $100.00 |
| Daily Home Care Benefit | $100.00 |
| Maximum Benefit Period | |
| -  Per Period of Care: | Lifetime |
| -  Lifetime: | Unlimited |
| Nursing Care Facility Benefit | We will pay the Daily Benefit Amount set forth in the Policy |

- 3 -

EXHIBIT A                    9

| Term | Provision |
|------|-----------|
| | Schedule for each day you, or your Covered Spouse, are Confined in a Nursing Facility for the Elderly and receiving Nursing Facility Care. Benefits will be paid directly to you unless specified otherwise. *Nursing Facility Care* means care of the type regularly and customarily given Nursing Facility patients on a 24-hour-a-day basis. It must be: 1) care that can either improve or maintain the Insured's Person's condition or attempt to do so; and 2) care supervised by licensed and qualified professional personnel. *Nursing Facility* means a place which 1) is legally licensed by the state to perform the services that it provides; 2) provides, in addition to room and board accommodations, skilled, intermediate, or custodial care; 3) provides 24 hour nursing serve by our under the supervision of a graduate registered nurse or licensed vocational nurse; 4) maintains a daily record of each patient which is available for our review; and 5) administers a planned program of observation and treatment, approved by your Physician, which is in accordance with existing standards of practice for the Cognitive Impairment or inability to perform Activities of Daily Living which caused the confinement. |
| Residential Care Facility Benefit | We will pay the Daily Benefit Amount set forth in the Policy Schedule for each day you, or your Covered Spouse, are Confined in a Residential Care Facility for the Elderly and receive Nursing Facility Care or care in a Residential Care Facility for the Elderly. Benefits will be paid directly to you |

- 4 -
COMPLAINT AND JURY DEMAND

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS

EXHIBIT A                    10

| Term | Provision |
|------|-----------|
| | unless specified otherwise.  The following definitions apply to this benefit: <br> *Residential Care Facility for the Elderly:* means any facility that is legally licensed by the state as a Residential Care Facility for the Elderly, and is subject to all state regulations as such. |
| Home Care Benefit | We will pay a benefit when you or your Covered Spouse receive Home Care.  The benefit will be either 1) the actual hourly charge for the services provided; or 2) the Maximum Hourly Benefit shown on the Policy Schedule, whichever is less.  The amount of the benefit for all Home Care services combined on any one day will not exceed the Maximum Daily Benefit shown in the Policy Schedule.  Benefits will be paid directly to you unless specified otherwise.  The following is a description of covered Home Care: <br> *Home Health Care:* means skilled nursing or other professional services in the residence.  Home Health Care must be provided by a licensed graduate nurse (R.N.) licensed practical nurse (L.P.N.), licensed vocational nurse (L.V.N.), chemotherapy specialist, enterostomal specialist, total parental nutritional specialist, physical therapist, inhalation specialist, speech therapist, occupational therapist, or other provider with similar skills or professional training.  The service may not be provided by someone in your Immediate Family. |
| Waiver of Premium Benefit | We will waive the payment of each premium coming due after benefits have been payable under this Policy for at |

- 5 -

COMPLAINT AND JURY DEMAND

**EXHIBIT A**

11

| Term | Provision |
|------|-----------|
|      | least 90 "continuous days" and while benefits continue. For the purpose of this provision "continuous days" for Home Care means the receipt of covered Home Care at least once per day for at least 5 days per week during any continuous 90 day period. The premium payment waived will be the premium based on your last mode of payment prior to the time your benefits commenced. Premium will be payable again on the premium due date next following the date benefits cease. |

14.    The Policy also contains a Conformity With State Statutes provision, which provides that "[a]ny provision of this Policy, which on its Effective Date conflicts with the statutes of your state on such date is hereby amended to conform to its minimum requirements."

15.    On or about August 14, 2006, Chinnavuth De Monteiro, M.D., F.A.C.P., a member of the American Board of Internal Medicine, completed a Physician's Claim Form as required by Defendants which stated as follows:

Primary Condition(s) Causing This Loss? **Alzheimer's Dementia**

Do you certify that the Patient is Chronically Ill (expected to require help with ADL's for a least 90 days due to functional incapacity or due to cognitive impairment? **Yes**

If Yes, Dates From: **11/05 to Present**

Is the Care you are recommending medically necessary? **Yes**

What type of care are your recommending? **Home Health Care**

Dates: **7/1/06 to PRESENT** [Emphasis Added]

16.    On or about August 9, 2006, MRS. CAMPEDEL began receiving Homemaker Services from Chateau Home Care.

COMPLAINT AND JURY DEMAND

**EXHIBIT A**

1     17.     Beginning August 10, 2006, Chateau Home Care began submitting

2  invoices to Defendants for the Homemaker Services provided.

3     18.     MRS. CAMPEDEL continued to receive Homemaker Services from

4  Chateau Home Care through April 6, 2007, the expiration of the Policy's Elimination

5  Period.

6     19.     On or about August 14, 2007, Dr. De Monteiro completed another

7  Physician's Claim Form for Defendants:

8             Primary Condition(s) Causing this Loss: **Stroke; Bilateral Humeral**

9             **Fractures**

10           Is Patient Cognitively Impaired? **Yes**

11           What type of care are you Recommending? **Skilled Nursing Facility**

12           [Emphasis Added]

13     20.     On or about September 14, 2007, Defendants wrote to Plaintiffs to advise

14  of their determination that only 45 of the 100 day Elimination Period had been

15  completed.

16     21.     On October 16, 2007, Dalyle Russell, Office Manager of Chateau Home

17  Care, prepared a letter summarizing their efforts to obtain payment from Defendants:

18           "Charmaine and Eugene Campedel have been clients of Chateau Home

19           Care since August 9, 2006. Chateau Home Care has been billing Conseco

20           Insurance since August 10th, 2006 starting with their first invoice #10539.

21           At this time we filed out and returned all required documents requested

22           from Conseco. On more than five occasions we were asked to resubmit

23           our claim form, and the Physician's claim form. We complied with their

24           every request. During the dates of the Campedels service, Chateau

25           Home Care made several attempts to obtain information regarding the

26           Campedels insurance policy. Ultimately, we were given a different answer

27           each time. However, the one answer that did not change, was the fact

28           that their insurance would start paying after 100 days of service provided.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S FROM HILL BLVD CLAREMONT CA 9171 TL 909 621 4935

- 7 -

COMPLAINT AND JURY DEMAND

EXHIBIT A

13

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD. CLAREMONT, CA 91711  TEL 909 981 4939

1    April 6th 2007 was Charmaine Campedels 100th day of service. In total,

2    they completed 117 days of service. We have never received a payment

3    from Conseco."

4    22.    On or about October 31, 2007, Dr. De Monteiro completed a Physician's

5    Report for Residential Care Facilities for the Elderly as part of MRS. CAMPEDEL's care

6    at Sunrise Assisted Living. Per Dr. De Monterio:

7    Primary Diagnosis: **R[ight] MCA CVA w/ old L[eft] CVA, Bilat[eral]**

8    **humeral Fx, Alzheimer's Disease**

9    Capacity with Self Care: **needs assistance w/all ADL's** [Emphasis

10    added]

11    23.    Despite this ongoing certification of health concerns, Defendants

12    continued to fail to provide benefits as outlined in the Policy.

13    24.    On or about December 6, 2007, Plaintiffs inexplicably received a letter

14    from Defendants to "acknowledge receipt of your recent claim filing. Your claim will be

15    reviewed and processed in the order it was received."

16    25.    Then, on or about December 10, 2007, Plaintiffs received notification from

17    Defendants that they had now met the Elimination Period and "[a]n approval letter will

18    follow under separate cover."

19    26.    Plaintiffs then received payments from Defendants for covered expenses

20    as of May 10, 2007.

21    27.    Based upon information and belief, Plaintiffs do not believe these checks

22    constitute a full payment of the Plaintiffs' claim and have therefore refused to negotiate

23    the checks. No additional payments have been received to date.

24    ///

25    ///

26    ///

27    ///

28    ///

- 8 -
COMPLAINT AND JURY DEMAND

**EXHIBIT A**

PLAINTIFFS EUGENE J. CAMPEDEL and CHARMAINE I. CAMPEDEL, FOR A
FIRST CAUSE OF ACTION AGAINST DEFENDANTS, CONSECO, INC., CONSECO
SENIOR HEALTH INSURANCE COMPANY and DOES 1 through 10, inclusive, FOR
BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

28.    Plaintiffs refer to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

29.    Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

a.    Unreasonably failing to timely make payments to Plaintiffs at a time when Defendants knew that Plaintiffs was entitled to the payments under the terms of the Policy.

b.    Unreasonably delaying payments to Plaintiffs knowing Plaintiffs' claim for benefits under the Policy to be valid.

c.    Unreasonably withholding payments from Plaintiffs knowing Plaintiff's claim for benefits under the Policy to be valid.

d.    Unreasonably misrepresenting to Plaintiffs pertinent facts and insurance Policy provisions relating to the coverage in issue.

e.    Unreasonably utilizing Policy provisions in order to deny benefits and profit thereby.

f.    Failing to reasonably and promptly investigate, research, and process Plaintiffs' claim for benefits.

g.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim for benefits in which liability has become reasonably clear.

h.    Failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiffs' claim for benefits.

i.    Plaintiffs are informed and believe and thereon alleges that

- 9 -
COMPLAINT AND JURY DEMAND

EXHIBIT A

15

1    Defendants have breached their duty of good faith and fair dealing owed

2    to Plaintiffs by other acts or omissions of which Plaintiffs are presently

3    unaware and which will be shown according to proof at the time of trial.

4    46.    The Defendants knew, or should have known, that their conduct in

5    summarily delaying, denying and failing to timely approve Plaintiffs' claims for Long

6    Term Care Benefits and Waiver of Premium claim for benefits, was unlawful, malicious,

7    evil, unfair and despicable, and therefore subjects Defendants and each of them to bad

8    faith and punitive damages.

9    47.    As a proximate result of the aforementioned unreasonable and malicious

10    conduct of Defendants, Plaintiffs have suffered damages under the Policy, plus interest,

11    and other economic and consequential damages, for a total amount to be shown at the

12    time of trial.

13    48.    As a further proximate result of the unreasonable conduct of Defendants,

14    Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the

15    Policy. Therefore, Defendants are liable to Plaintiffs for those attorneys' fees, witness

16    fees and costs of litigation reasonably necessary and incurred by Plaintiffs in order to

17    obtain the Policy benefits in a sum to be determined at the time of trial.

18    49.    Defendants' conduct described herein was intended by the Defendants to

19    cause injury to Plaintiffs or was despicable conduct carried on by the Defendants with a

20    willful and conscious disregard of the rights of Plaintiffs, or subjected Plaintiffs to cruel

21    and unjust hardship in conscious disregard of Plaintiffs' rights, or was an intentional

22    misrepresentation, deceit, or concealment of material facts and law known to the

23    Defendants with the intention to deprive Plaintiffs of property, legal rights or to otherwise

24    cause injury, such as to constitute malice, oppression or fraud under CCC §3294,

25    thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set

26    an example of Defendants.

27    50.    Defendants' conduct described herein was undertaken by the corporate

28    Defendants' officers or managing agents, identified herein as DOES 1 through 10, who

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S MICHIGAN BLVD CLAREMONT CA 91711 TEL 909.621.4935

- 10 -
COMPLAINT AND JURY DEMAND

EXHIBIT A

1    were responsible for claims supervision and operations, underwriting, communications

2    and/or decisions. The aforedescribed conduct of said managing agents and individuals

3    was therefore undertaken on behalf of the corporate Defendants. Said corporate

4    Defendants further had advance knowledge of the actions and conduct of said

5    individuals whose actions and conduct were ratified, authorized, and approved by

6    managing agents whose precise identities are unknown to Plaintiffs at this time and are

7    therefore identified and designated herein as DOES 1 through 10, inclusive.

8

9         **PLAINTIFFS EUGENE J. CAMPEDEL and CHARMAINE I. CAMPEDEL, FOR**

10        **SECOND CAUSE OF ACTION AGAINST DEFENDANTS, CONSECO, INC.,**

11        **CONSECO SENIOR HEALTH INSURANCE COMPANY and DOES 1 through 10,**

12        **inclusive, FOR BREACH OF CONTRACT, ALLEGES:**

13        51.    Plaintiffs refer to each and every paragraph of the General Allegations and

14    incorporate those paragraphs as though set forth in full in this cause of action.

15        52.    Defendants, and each of them, owed duties and obligations to Plaintiffs

16    under the Policy.

17        53.    Defendants, and each of them, breached the terms and provisions of the

18    insurance Policy by failing and refusing to pay benefits under the Policy as set forth

19    above in this complaint and incorporated herein by reference.

20        54.    As a direct and proximate result of Defendants' conduct and breach of

21    their contractual obligations, Plaintiffs have suffered damages under the Policy, plus

22    interest, and other economic and consequential damages, for a total amount to be

23    shown at the time of trial.

24

25        WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of

26    them, as follows:

27        AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS CONSECO,

28    INC., CONSECO SENIOR HEALTH INSURANCE COMPANY FORMERLY KNOWN

- 11 -
COMPLAINT AND JURY DEMAND

EXHIBIT A                                                    17

1    AS TRANSPORT LIFE INSURANCE COMPANY and DOES 1 through 10,  inclusive,

2    FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING:

3         1.  Damages for failure to provide benefits under the Policy, plus interest,

4    including prejudgment interest, and other economic and consequential damages, in a

5    sum to be determined at the time of trial;

6         2.  For attorneys' fees, witness fees and costs of litigation incurred by

7    Plaintiffs to obtain the Policy' benefits in an amount to be determined at the time of trial;

8         3.  Punitive and exemplary damages in an amount appropriate to punish or

9    set an example of Defendants.

10        4.  For costs of suit incurred herein; and,

11        5.  For such other and further relief as the Court deems just and proper.

12    AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS,

13   CONSECO, INC., CONSECO SENIOR HEALTH INSURANCE COMPANY FORMERLY

14   KNOWN AS TRANSPORT LIFE INSURANCE COMPANY and DOES 1 through 10,

15   inclusive, FOR BREACH OF CONTRACT:

16        1.  Damages under the Policy in an amount to be determined according to

17   proof at the time of trial;

18        2.  For costs of suit incurred herein; and,

19

20   / / /

21

22   / / /

23

24   / / /

25

26   / / /

27

28   / / /

- 12 -
COMPLAINT AND JURY DEMAND

EXHIBIT A                                   1 8

1        3.  For such other and further relief as the Court deems just and proper.

2

3    DATED:  March 11, 2008         SHERNOFF BIDART & DARRAS, LLP

4

5                                     FRANK N. DARRAS

6                                     Attorneys for Plaintiffs

7

8                        **DEMAND FOR JURY TRIAL**

9

10   Plaintiffs hereby demand a trial by jury.

11

12                                    SHERNOFF BIDART & DARRAS, LLP

13

14

15                                    FRANK N. DARRAS

16                                    Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -
COMPLAINT AND JURY DEMAND

**EXHIBIT A**

19

CONSECO SENIOR HEALTH INSURANCE COMPANY
11625 N. Pennsylvania Street
Carmel, Indiana 46032-4555
1-800-441-3978

CONSECO.

EUGENE J CAMPEDEL

CHARMAINE I CAMPEDEL

587143

THIS IS YOUR POLICY WITH

CONSECO SENIOR HEALTH INSURANCE COMPANY

IF YOU HAVE A CLAIM OR QUESTION CALL OUR
CUSTOMER SERVICE DEPARTMENT TOLL FREE AT

# 1-800-441-3978

WE ARE PROUD TO HAVE YOU AS A POLICYHOLDER AND LOOK
FORWARD TO PROVIDING YOU WITH THE BEST POSSIBLE SERVICE !

000014                    EXHIBIT A

EXHIBIT A

CON̲͟CO SENIOR HEALTH INSURANCE C͟ ͟PANY                    587143
Home Office: Bensalem, PA
Administrative Offices: 11815 N. Pennsylvania St.
Carmel, IN 46032 • Telephone: 1-800-441-3978
(Referred To In This Policy As "We", "Us", or "Our")

## COMPREHENSIVE LONG TERM CARE INSURANCE POLICY

> **This Policy is an approved long term care insurance policy under California law and regulations. However, the benefits payable by this policy will not qualify for Medi-Cal asset protection under the California Partnership for Long Term Care.**
>
> **For information about policies and certificates qualifying under the California Partnership for Long Term Care, call the Health Insurance Counseling and Advocacy Program at the Toll-Free Number 1-800-434-0222.**

**NOTICE TO BUYER: THIS POLICY MAY NOT COVER ALL OF THE COSTS ASSOCIATED WITH NURSING FACILITY CARE INCURRED BY THE BUYER DURING THE PERIOD OF COVERAGE. THE BUYER IS ADVISED TO REVIEW CAREFULLY ALL POLICY LIMITATIONS.**

In this Policy "you" or "your" refers to the Insured named in the Policy Schedule.

We agree to insure you against Loss to the extent stated in this Policy. Payment of benefits under this Policy is subject to all of its terms. Your spouse may also be insured by this Policy. Refer to the Policy Schedule and to the definition of Covered Spouse. In the event of your death, your Covered Spouse, if any, will automatically succeed you as the Insured and the premium will be adjusted accordingly.

### CONSIDERATION - EFFECTIVE DATE - TERM

This Policy is issued in consideration of: (1) the advance payment of the Initial Monthly Premium on or before the Effective Date; and (2) the statements contained in the attached application. This Policy is effective at 12:01 a.m., at your residence, on the Effective Date shown in the Policy Schedule. It continues in force for the initial Policy Term subject to the Grace Period. This Policy may be renewed in accordance with the Guaranteed Renewability provision.

### NOTICE OF THIRTY DAY RIGHT TO EXAMINE POLICY

**CAREFULLY READ THIS POLICY AS SOON AS YOU RECEIVE IT. IF YOU ARE NOT SATISFIED, FOR ANY REASON, YOU MAY RETURN IT TO US AND WE WILL REFUND ALL PREMIUM INCLUDING THE POLICY FEE YOU HAVE PAID. YOU MUST, HOWEVER, RETURN THE POLICY WITHIN 30 DAYS AFTER YOU RECEIVE IT IN ORDER TO RECEIVE A REFUND. IF PREMIUM AND POLICY FEE ARE REFUNDED, THE POLICY WILL BE CONSIDERED VOID FROM THE BEGINNING.**

### GUARANTEED RENEWABILITY -- PREMIUMS SUBJECT TO CHANGE

This Policy is guaranteed renewable for your lifetime. We cannot cancel this Policy as long as you pay the premiums. We can change the Renewal Premium rate. We can only change it if it is changed for all policies issued in your state of residence on this Policy form. Notice of any change in rates will be sent at least 31 days in advance.

### TABLE OF CONTENTS

| | Page |
|---|---|
| 1. BENEFIT PROVISIONS | 4,5,6,7 |
| 2. ADDITIONAL DEFINITIONS | 8 |
| 3. EXCLUSIONS | 5 |
| 4. GENERAL PROVISIONS | 8,9 |
| 5. PRE-EXISTING CONDITIONS LIMITATION | 6 |

> **CAUTION: If your answers on your application, which is part of this Policy, are misstated or untrue, we may have the right to deny benefits or rescind your coverage. Check your answers carefully to see that all information is correct. Write us as soon as possible if you have any questions.**

ATL-LTC-6-CA-696                      000015                    EXHIBIT A

587143

THIS PAGE INTENTIONALLY LEFT BLANK

000016                          EXHIBIT  A

ATL-LTC-6-CA-696                                Page Three

EXHIBIT A

587143

# California Life and Health Insurance
## Guarantee Association Act
## Summary Document and Disclaimer

Residents of California who purchase life and health insurance and annuities should know that the insurance companies licensed in this state to write these types of insurance are members of the California Life and Health Insurance Guarantee Association ("CLHIGA"). The purpose of this Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Guarantee Association will assess its other member insurance companies for the money to pay claims of insured persons who live in this State and, in some cases, to keep coverage in force. The valuable protection provided by these insurers through the Association is not unlimited, as noted in the box below, and is not a substitute for consumers' care in selecting insurers.

---

The California Life Insurance Guarantee Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in California. You should not rely on coverage by the Association in selecting an insurance company or in selecting an insurance policy.

Coverage is NOT provided for your policy or any portion of it that is not guaranteed by the insurer or for which you have assumed the risk, such as a variable contract sold by prospectus.

Insurance companies or their agents are required by law to give you or send you this notice. **However, insurance companies and their agents are prohibited by law from using the existence of the Guarantee Association to induce you to purchase any kind of insurance policy.**

Policyholders with additional questions should first contact their insurer or agent or may then contact:

California Life and Health Insurance Guarantee Association
P. O. Box 70069
Los Angeles, CA 90070
- or -
California Department of Insurance
45 Fremont Street, 24th Floor
San Francisco, CA 94105

---

The state law that provides for this safety-net is called the California Life and Health Insurance Guarantee Association Act. Below is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the Act or the rights or obligations of the Association.

(please turn to back of page)

ATL-GA-CA-94                    000017                    EXHIBIT A

EXHIBIT A                                                        23

587143

## COVERAGE

Generally, individuals will be protected by the California Life and Health Insurance Guarantee Association if they live in this State and hold a life or health insurance contract, or an annuity, or if they are insured under a group insurance contract, issued by a member insurer. The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.

## EXCLUSIONS FROM COVERAGE

However, persons holding such policies are not protected by this Guarantee Association if:

· Their insurer was not authorized to do business in this state when it issued the policy or contract;
· Their policy was issued by a health care service plan (HMO, Blue Cross, Blue Shield), a charitable organization, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company, an insurance exchange, or a grants and annuities society;
· They are eligible for protection under the laws of another state. This may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insureds who live outside that state.

The guarantee Association also does not provide coverage for:

· Unallocated annuity contracts; that is, contracts which are not issued to and owned by an individual and which guarantee rights to group contract holders, not individuals;
· Employer and association plans, to the extent they are self-funded or uninsured;
· Any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;
· Any policy of reinsurance unless an assumption certificate was issued;
· Interest rate yields that exceed an average rate;
· Any portion of a contract that provides dividends or experience rating credits.

## LIMITS ON AMOUNT OF COVERAGE

The Act limits the Association to pay benefits as follows:

## LIFE AND ANNUITY BENEFITS

· 80% of what the insurance company would owe under a life policy or annuity contract up to
· $100,000 in cash surrender values,
· $100,000 in present value of annuities, or
· $250,000 in life insurance death benefits.
· A maximum of $250,000 for any one insured life no matter how many policies and contracts there were with the same company, even if the policies provided different types of coverages.

## HEALTH BENEFITS

· A maximum of $200,000 of the contractual obligations that the health insurance company would owe were it not insolvent. The maximum may increase or decrease annually based upon changes in the health care cost component of the consumer price index.

## PREMIUM SURCHARGE

Member insurers are required to recoup assessments paid to the Association by way of a surcharge on premiums charged for health insurance policies to which the Act applies.

ATL-GA-CA-94                    000018                    EXHIBIT A                    Page 2

EXHIBIT A                                                                24

587143

THIS PAGE INTENTIONALLY LEFT BLANK

000013                    EXHIBIT A

ATL-LTC-6-CA-696                                    Page Three

EXHIBIT A                                    25

587143

## NURSING FACILITY CARE BENEFIT

We will pay the Daily Benefit Amount set forth in the Policy Schedule for each day you, or your Covered Spouse, are Confined in a Nursing Facility for the Elderly and receive Nursing Facility Care. Benefits will be paid directly to you unless specified otherwise. The following definition applies to this benefit:

"Nursing Facility Care" means care of the type regularly and customarily given Nursing Facility patients on a 24-hour-a-day basis. It must be: 1) care that can either improve or maintain the Insured Person's condition or attempt to do so; and 2) care supervised by licensed and qualified professional personnel.

"Nursing Facility" means a place which: 1) is legally licensed by the state to perform the services that it provides; 2) provides, in addition to room and board accommodations, skilled, intermediate, or custodial care; 3) provides 24 hour nursing service by or under the supervision of a graduate registered nurse or licensed vocational nurse; 4) maintains a daily record of each patient which is available for our review; and 5) administers a planned program of observation and treatment, approved by your Physician, which is in accordance with existing standards of practice for the Cognitive Impairment or inability to perform Activities of Daily Living which caused the confinement.

## RESIDENTIAL CARE FACILITY FOR THE ELDERLY BENEFIT

We will pay the Daily Benefit Amount set forth in the Policy Schedule for each day you, or your Covered Spouse, are Confined in a Residential Care Facility for the Elderly and receive Nursing Facility Care or care in a Residential Care Facility for the Elderly. Benefits will be paid directly to you unless specified otherwise. The following definitions apply to this benefit:

"Residential Care Facility for the Elderly" means any facility that is legally licensed by the state as a Residential Care Facility for the Elderly, and is subject to all state regulations as such.

"Residential Care Facility for the Elderly" does not mean a hospital or a facility or any part of a facility used primarily for: rest care; training or education; care of the aged; or treatment of alcoholism, drug addiction or Mental or Nervous Disorders. Facilities primarily engaged in providing retirement residences, such as apartments or other self-contained living units, are not Residential Care Facilities for the Elderly, however, a distinctly separate part of such facility may be a Residential Care Facility for the Elderly if it meets this definition.

## HOME CARE BENEFIT

We will pay a benefit when you or your Covered Spouse receive Home Care. The benefit will be either: (1) the actual hourly charge for the services provided; or (2) the Maximum Hourly Benefit shown on the Policy Schedule, whichever is less. The amount of the benefit for all Home Care services combined on any one day will not exceed the Maximum Daily Benefit shown in the Policy Schedule. Benefits will be paid directly to you unless specified otherwise. The following is a description of covered Home Care:

**Home Health Care** means skilled nursing or other professional services in the residence. Home Health Care must be provided by a licensed graduate nurse (R.N.), licensed practical nurse (L.P.N.), licensed vocational nurse (L.V.N.), chemotherapy specialist, enterostomal specialist, total parental nutrition specialist, physical therapist, inhalation therapist, speech therapist, occupational therapist, or other provider with similar skills or professional training. The service may not be provided by someone in your Immediate Family.

**Adult Day Care** means medical or non-medical care on less than a 24-hour basis provided in a licensed Adult Day Care Center outside the residence. An Adult Day Care Center means an organization: (a) which provides a program of Adult Day Care; (b) which is 1) established and operated in accordance with state law and 2) licensed by the state to provide Adult Day Care. The service may not be provided by someone in your Immediate Family.

**Homemaker Services** means assistance with activities necessary to or consistent with your ability to remain in your residence, that is provided by a skilled or unskilled person under a plan of care developed by a Physician or a multi-disciplinary team under medical direction. The service may not be provided by someone in your Immediate Family.

**Hospice Services** mean outpatient services, not paid by Medicare, that are designed to provide palliative care, alleviate the physical, emotional, social, and spiritual discomforts of an individual who is experiencing the last phases of life due to the existence of a terminal disease, and to provide supportive care to the primary caregiver and the family. Hospice Services care may be provided by a skilled or unskilled person under a plan of care developed by a Physician or a multi-disciplinary team under medical direction. The service may not be provided by someone in your Immediate Family.

**Personal Care** means assistance with Activities of Daily Living, including instrumental activities of daily living, provided by a skilled or unskilled person under the plan of care developed by a Physician or a multi-disciplinary team under medical direction. "Instrumental activities of daily living" include using the telephone, managing medications, moving about outside, shopping for essentials, preparing meals, laundry, and light housekeeping. The service may not be provided by someone in your Immediate Family

000020    **EXHIBIT   A**

587143

## ELIGIBILITY CRITERIA

You are eligible for the Nursing Facility Care Benefit or the Residential Care Facility for the Elderly Benefit if, after performing such tests as are in accordance with accepted standards of medical practice, your Physician certifies that:

1. Your Physician's certification of Medical Necessity (Nursing Facility Care only).

   "Medical Necessity" means necessary as determined by and in accordance with existing standards of medical practice for the Injury or Sickness that resulted in the Long Term Care. Medically Necessary care is such that it could not be omitted without adversely affecting your medical condition.

### OR

2. You need human assistance or continual supervision in order to perform two or more of the following Activities of Daily Living (ADL's) (Nursing Facility Care, Residential Care Facility for the Elderly or Home Care):

   a. bathing (getting in and out of the bathtub or shower, utilizing normal bathroom facilities);

   b. dressing (tying shoes, buttoning buttons or clasps);

   c. eating (consuming food or drink, or utilizing utensils appropriate for the person's physical condition and which are placed within reach);

   d. toileting (maintaining adequate bathroom hygiene and toilet habits);

   e. ambulating (moving about);

   f. transferring to or from bed or chair (getting from a bed to a chair or a chair to a bed);

   g. continence (ability to control excretory functions).

### OR

3. You require continual supervision due to a Cognitive Impairment. (Nursing Facility Care, Residential Care Facility for the Elderly or Home Care). Cognitive Impairment means a deficiency in the ability to think, perceive, reason and/or remember that results in the inability to take care of oneself without the continual supervision of another person. Cognitive Impairment is evaluated and measured through clinical evidence and standardized tests. Cognitive Impairment is indicated by measurable deficits in memory, orientation or reasoning, such as those caused by Alzheimer's Disease or similar forms of senility or irreversible dementia.

## CONDITIONS ON ELIGIBILITY

In Order to Qualify for Nursing Facility Care Benefits or Residential Care Facility for the Elderly or Home Care Benefits:

(1) Your Loss must be incurred after the Policy Effective Date and while the Policy is in force.

(2) "Elimination Period" means the initial number of days, in each Period of Care, of eligibility for Nursing Facility Care and/ or Residential Care Facility for the Elderly and/or Home Care Benefits which would otherwise be covered by this Policy, for which we will NOT pay benefits. The number of days in the Elimination Period is shown on the Policy Schedule. The Elimination Period is taken only once during the policy lifetime.

   "Period of Care" means the period of time that: (a) begins with the first day of eligibility for Nursing Facility Care or care in a Residential Care Facility for the Elderly or Home Care Benefits under this Policy (except the Respite Care Benefit); and (b) ends when there is a continuous period of 180 days when you are not eligible for benefits.

(3) We reserve the right and opportunity, at our expense, to have our Physician examine you or your Covered Spouse if applicable, when and as often as we may reasonably require while a claim is pending, to certify your continued eligibility for benefits.

## LIMITATIONS AND EXCLUSIONS

1. MAXIMUM BENEFIT PERIOD: The number of years for which the Nursing Facility Care and/or care in a Residential Care Facility for the Elderly and/or Home Care Benefit will be paid is limited to the Maximum Benefit Period listed on the Policy Schedule. The Maximum Benefit Period is the maximum number of years we will pay during a Period of Care. Each day you receive a Nursing Facility Care or Residential Care Facility for the Elderly or Home Care Benefit will count on a combined basis toward the Maximum Benefit Period.

2. Benefits are not payable for expenses incurred with respect to incidental items such as cable television, barber or beauty shop, snacks or other convenience items while confined to either a Nursing Facility or a Residential Care Facility for the Elderly. The Residential Care Facility for the Elderly Benefit will not be paid for any day you receive a Nursing Facility Benefit.

ATL-LTC-6-CA-696                        000021               EXHIBIT  A        Page Five

### EXHIBIT A

587143

## LIMITATIONS AND EXCLUSIONS (continued)

3.  Benefits are not payable for any period of time during which your status at any Residential Care Facility for the Elderly is considered that of an independent resident.

4.  Losses due to a Pre-Existing Condition are covered immediately as any other Sickness provided they are disclosed in the application. Losses due to any conditions, Pre-Existing Conditions or otherwise, which are not disclosed in the application, will be handled in accordance with the Time Limit on Certain Defenses provision.

5.  IMMEDIATE FAMILY: Benefits are not provided for care or services provided by someone in your Immediate Family.

6.  EXCLUSIONS: Benefits are not provided for loss: (a) incurred before the Policy's Effective Date, or (b) caused by: (1) injury or sickness for which compensation is payable under any Worker's Compensation or Occupational Disease Law; (2) declared or undeclared war or act thereof; (3) mental, nervous or emotional disorders without demonstrable organic origin **(Note: This exclusion does not apply to Alzheimer's Disease or other organic brain syndromes. These diseases are covered by the Policy like any other sickness subject to the Pre-Existing Conditions Limitation.);** (4) charges for services, use of facilities or supplies that you or your Covered Spouse are not legally obligated to pay; (5) attempted suicide or self-inflicted injury; (6) drug or alcohol use unless administered by a Physician; and (7) your participation in a felony, riot or insurrection. To the extent a benefit is available to you under Medicare (The Health Insurance for the Aged Act, Title XVIII of the Social Security Amendments of 1965, as Amended), coverage will not be duplicated under the Policy, unless to so coordinate with Medicare benefits would violate any applicable Federal or state law.

## ADDITIONAL BENEFITS AND FEATURES

**BED RESERVATION :** We will pay a benefit to reserve a Covered Person's Nursing Facility or Residential Care Facility for the Elderly bed if a Covered Person requires temporary hospitalization and it is necessary to leave the Nursing Facility or Residential Care Facility for the Elderly during a Confinement for which benefits are being paid. The benefit will be equal to the Actual Charge the Covered Person incurs to reserve the bed, not to exceed the Daily Benefit Amount for Nursing Facility Care set forth in the Policy Schedule. We will pay this benefit for a maximum of 30 days per calendar year. Unused days cannot be carried over into the next calendar year.

**CAREGIVER TRAINING:** If a Covered Person requires Nursing Facility Care or care in a Residential Care Facility for the Elderly or Home Care and would otherwise receive benefits under this Policy, we will pay the Actual Charge incurred for Caregiver Training. This benefit may not exceed a maximum of 5 times the Maximum Daily Benefit For All Home Care Benefits Combined anytime a charge for Caregiver Training is incurred. . The Caregiver Training benefit will only be payable if the care provided will make it possible for the Covered Person to return to or remain at home where the Covered Person can be cared for by an Informal Caregiver. **The Elimination Period does not apply to this benefit.**

**EMERGENCY RESPONSE SYSTEM :** We will pay a benefit for the rental or lease of a Emergency Response System for a Covered Person's Home while the Covered Person is receiving Home Care Benefits under this Policy. The benefit will be equal to the Actual Charge incurred for the Emergency Response System. This benefit may not exceed $25 per month. We will pay this benefit as long as the Covered Person is receiving Home Care Benefits, during the Covered Person's lifetime. The benefit will only be paid for an Emergency Response System installed in a Covered Person's home while this Policy is in force. We will not pay for any charges for normal telephone service while the Emergency Response System is installed or for a home security system. **The Elimination Period does not apply to this benefit.**

**RESPITE CARE:** means short-term care provided in an institution, in the home, or in a community-based program that is designed to relieve a primary caregiver in the home. If Respite Care is delivered in a facility or an institution, we will pay the Nursing Facility Daily Benefit Amount for each day you are confined. If Respite Care is provided in the home or an Adult day Care Center, we will pay the benefit in the same manner as the Home Care Benefit. The Respite Care Benefit is limited to 30 days per calendar year. The service may not be provided by someone in your Immediate Family.

000022        EXHIBIT   A

EXHIBIT A

587143

## ADDITIONAL BENEFITS AND FEATURES (continued)

**RESTORATION OF BENEFIT:** If a Covered Person has received Nursing Facility Care and/or care in a Residential Care Facility for the Elderly and/or Home Care Benefits under the Policy, but has recovered sufficiently to no longer require Nursing Facility Care and/or care in a Residential Care Facility for the Elderly and/or Home Care, we will restore that Covered Person's Combined Maximum Benefit Period For Nursing Facility Care and care in a Residential Care Facility for the Elderly and Home Care to its full original maximum, each time the following qualifications are met: 1) the Covered Person must not have received any Nursing Facility Care and/or care in a Residential Care Facility for the Elderly and/or Home Care for a period of 180 consecutive days; and 2) a Physician must certify that the Covered Person recovered sufficiently to no longer require any Nursing Facility Care and/or care in a Residential Care Facility for the Elderly and/or Home Care and that the Covered Person was not advised to obtain any Nursing Facility Care and/or care in Residential Care Facility for the Elderly and/or Home Care. There is no limit to the number of times the Combined Maximum Benefit Period For Nursing Facility Care and care in a Residential Care Facility for the Elderly and Home Care may be restored.

**WAIVER OF PREMIUM BENEFIT:** We will waive the payment of each premium coming due after benefits have been payable under this Policy for at least 90 "continuous days" and while benefits continue. For the purpose of this provision "continuous days" for Home Care means the receipt of covered Home Care at least once per day for at least 5 days per week during any continuous 90 day period. The premium payment waived will be the premium based on your last mode of payment prior to the time your benefits commenced. Premium will be payable again on the premium due date next following the date benefits cease.

**LIFETIME WAIVER OF PREMIUM FOR SURVIVOR BENEFIT:** In the event of you death or your Covered Spouse's death, subsequent to the fifth policy anniversary, the surviving person may continue the Policy in force as the Insured, for the rest of his or her life, and all subsequent premiums will be waived. If death occurs prior to the fifth policy anniversary, then this provision will not be operable and premiums will not be waived. Both you and your spouse must be covered by the Policy and the Policy must be in force for a minimum of five years.

**EXTENDED REINSTATEMENT:** Within 120 days after the Policy lapses for nonpayment of the Renewal Premium, you or any authorized person acting on your behalf, may request reinstatement of the Policy if you were diagnosed as having a Cognitive Impairment at the time the Policy lapsed. We may request that a Physician certify that diagnosis of Cognitive Impairment was established at the time the Policy lapsed. Upon receipt of such certification, the Policy will be reinstated without evidence of insurability. The reinstated Policy will cover Loss which occurred from the date the Policy lapsed at the same level of benefits provided prior to reinstatement. Premium must be paid from the date of the last premium payment prior to reinstatement. Payment must be made to us within 15 days from the date it is requested by us.

**THIRD PARTY LAPSE DESIGNEE:** Unless you declined to do so in your application, you named a third party as your authorized designee to be notified when the lapse of your Policy is imminent. It is our responsibility to notify this designee prior to cancelling your Policy due to lack of premium payment. This notification will occur no later than 15 days after the beginning of the Grace Period. You may, at any time, change your designee by giving us written notice.

## TERMINATION AND CONVERSION PROVISIONS

**TERMINATION OF YOUR COVERAGE:** Your coverage will terminate if the required premium is not paid when due, subject to the Grace Period. Any termination will not prejudice any continuing benefits payable which commenced prior to such termination, subject to the duration of the Maximum Benefit Period.

**TERMINATION OF YOUR SPOUSE'S COVERAGE:** Coverage for your Covered Spouse will terminate on the earlier of: 1) the date the Policy terminates; 2) the end of the last Term for which premium is paid for the Covered Spouse; 3) the day before the premium due date following the date of divorce, annulment, dissolution or legal separation (where recognized) from the Insured; or 4) the date the Policy's Maximum Benefit Period, with respect to your Covered Spouse, has been reached. If we accept any premium subsequent to these dates, insurance will continue until the end of the term for which premium was accepted. Any termination will not prejudice any continuing benefits payable which commenced prior to such termination, subject to the duration of the Maximum Benefit Period.      000023      EXHIBIT   A

**CONVERSION OF COVERED SPOUSE'S COVERAGE:** Coverage for the Covered Spouse terminates as a result of one of the above circumstances, the Covered Spouse will have the right to: (1) make written request, within 31 days of such termination, that a new policy be issued naming the Covered Spouse as the Insured; and (2) have a new policy issued without requiring evidence of insurability. The new policy will be effective on the date of the written request subject to our receipt of the applicable premium. The new policy will be one which: (1) is then currently utilized by us; (2) contains benefit and renewability provisions at least as favorable as those contained in this policy. For purposes of the Time Limit on Certain Defenses Provision and the Pre-Existing Conditions Limitation, the Effective Date of coverage under the new policy will be considered to be the same as that for this Policy.

ATL-LTC-6-CA-696                                                                                    Page Seven

## ADDITIONAL DEFINITIONS                                                587143

**"COVERED PERSON"** refers to you, the Insured, or your Covered Spouse.

**"COVERED SPOUSE"** means the Insured's spouse for whom application has been made and premium paid. A Covered Spouse must be named in the Policy Schedule.

**"ELIMINATION PERIOD"** means the initial number of days of eligibility for Nursing Facility Care and/or care in a Residential Care Facility for the Elderly and/or Home Care Benefits under this Policy (except the Respite Care Benefit) which would otherwise be covered by this Policy, for which we will NOT pay benefits.

**"HOME"** means the place where a Covered Person maintains independent residence. Home does not mean a nursing facility, hospital or other institutional setting.

**"IMMEDIATE FAMILY"** means you, your spouse and respective parents, children, grandchildren and siblings.

**"LOSS"** means financial loss incurred by you or your Covered Spouse as a result of expenses you incur.

**"PERIOD OF CARE"** means the period of time that begins on the first day you incur a charge for Nursing Facility Care or care in a Residential Care Facility for the Elderly or Home Care or Community-Based Services. A Period of Care ends when you complete a 180 day period during which you did not receive, require or were recommended to receive covered care or services. Care which follows a previous Period of Care will be deemed continuation of the first unless it is separated from the first by 180 days or more.

**"PHYSICIAN"** means any licensed practitioner of the healing arts operating within the scope of his or her license, who is not a member of your Immediate Family.

## GENERAL PROVISIONS

**GRACE PERIOD:** A grace period of 31 days is granted for the payment of each premium due after the first premium, during which time the Policy continues in force. When a claim is paid, any premium due and unpaid may be deducted from the claim payment.

**ENTIRE CONTRACT:** This Policy, along with the application and any attached papers, constitutes the entire contract between you and us. No change is valid until: (1) approved by one of our executive officers; and (2) endorsed hereon or attached hereto. No agent has authority to change this Policy or waive any of its provisions.

**TIME LIMIT ON CERTAIN DEFENSES:** This Policy is issued based on the information contained in the application. Any inaccuracies, misstatements or omissions in your application may cause this Policy to be rescinded or a claim for a Loss incurred denied as follows:

   a) During the first six months following the Effective Date of coverage, we may deny a claim for a Loss incurred which is due to a Pre-Existing Condition that was not disclosed in the application.

   b) During the first two years following the Effective Date of coverage, we may rescind this Policy if it is determined that your application contains inaccuracies, misstatements or omissions, relating to Pre-Existing Conditions or otherwise, which were material with respect to our decision to issue this Policy.

After this Policy has been in effect for two years, only fraudulent misstatements or omissions in the application may be used as grounds to rescind this Policy.

**REPLACEMENT PROVISION:** If this Policy replaces another Long Term Care policy or certificate, we will waive the Pre-Existing Conditions Limitation, for similar benefits, to the extent that the Limitation has been satisfied under the replaced policy.

**REINSTATEMENT:** If the Renewal Premium is not paid before the Grace Period ends, this Policy will lapse. Later acceptance of the premium by us, or by our agent authorized to accept payment, without requiring an application for reinstatement, will reinstate the Policy. If we require a reinstatement application, you will be issued a conditional receipt for the premium. If we approve your reinstatement application, the Policy will be reinstated as of the date of our approval. If we disapprove your application, we must do so in writing within 30 days of the conditional receipt. Otherwise, your Policy will be reinstated 30 days after the date of the conditional receipt. The reinstated Policy will cover only Loss resulting from a Confinement that begins after the date of reinstatement. In all other respects, both your rights and our rights under the Policy will be the same as before termination subject to any provisions endorsed hereon or attached in connection with the reinstatement. Any premiums we accept for a reinstatement will be applied to a period for which premiums have not been paid. No premium will be applied to any period more than 60 days before the date of reinstatement.

000024          EXHIBIT A

ATL-LTC-6-CA-696                                                           Page Eight

EXHIBIT A                              30

GENERAL PROVISIONS (continued)                                          587143

**NOTICE OF CLAIM:** We must receive written notice of claim within six months of Loss; if not, as soon as reasonably possible. Notice to the Administrative Office or authorized agent is acceptable. Notice should include name and policy number.

**CLAIM FORMS:** We will furnish forms to prove Loss. We will do so upon our receipt of notice of claim. If forms are not furnished within 15 days, you will be considered to have complied if, within the time for filing proof, you give us written proof specifically describing the Loss.

**PROOF OF LOSS:** written proof of loss must be furnished to our office in case of claim for Loss for which this Policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which we are liable and in case of claim for any other Loss within 90 days after the termination of the period for which we are liable and in case of claim for any other Loss within 90 days after the date of such Loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event except in the absence of legal capacity, later than one year from the time proof is otherwise required.

**TIME OF PAYMENT OF CLAIMS:** Benefits payable under this Policy for any Loss, other than Loss for which periodic payment is provided, will be paid immediately upon receipt of written proof of Loss. Subject to written proof of Loss, all accrued benefits for loss for which periodic payment is provided will be paid monthly. Any balance remaining unpaid at the end of our liability will be paid immediately upon receipt of written proof.

**PAYMENT OF CLAIMS:** All benefits will be payable to you. Any accrued benefits unpaid at your death will be paid to your estate.

**REFUND OF PREPAID PREMIUM:** In the event of your death, or your Covered Spouse's death, any prepaid premium for any period beyond the end of the month in which death occurs, with respect to that insured person's coverage, will be refunded, upon our receipt of proof of death.

**PHYSICAL EXAMINATION:** At our expense, we shall have the right and opportunity to have our physician examine you or your Covered Spouse, if applicable, when and as often as we may reasonably require while a claim is pending.

**LEGAL ACTIONS:** No legal or equitable action may be brought to recover on this Policy sooner than 60 days after written Proof of Loss has been furnished to us. No action may be brought after 3 years from the time written Proof of Loss is required to be given.

**MISSTATEMENT OF AGE:** If your age has been misstated, all amounts payable shall be such as the premium paid would have purchased at the correct age.

**CONFORMITY WITH STATE STATUTES:** Any provision of this Policy, which on its Effective Date conflicts with the statutes of your state on such date is hereby amended to conform to its minimum requirements.

**COORDINATION WITH MEDICARE:** The following applies to this Policy only if required by either state or federal law: Benefits otherwise payable under this Policy will be reduced by any amounts paid by Medicare for the same care, services, or supplies.

**UNPAID PAYMENT:** When a claim is paid, any premium due and unpaid may be deducted from the claim payment.

IN WITNESS WHEREOF, we have caused this Policy to be signed by our President and Secretary.

_Michael J Duker_                                    _Karl W Kubig_

President                                            Secretary

Countersignature of Licensed Resident Agent:        000025             **EXHIBIT   A**
                                                    (if required by State)

| COMPREHENSIVE LONG TERM CARE INSURANCE POLICY |
| --- |

ATL-LTC-6-CA-696                                                        Page Nine

**EXHIBIT A**                                                           3 1

IMPORTANT INFORMATION TO POLICYHOLDER                    587143

**IN THE EVENT YOU NEED TO CONTACT SOMEONE ABOUT THIS POLICY FOR ANY REASON** please contact your agent. If you have additional questions, you may contact the insurance company issuing this policy at the following address and telephone number:

CONSECO SENIOR HEALTH INSURANCE COMPANY
Home Office: Bensalem, PA
Administrative Offices: 11815 N. Pennsylvania St.
Carmel, IN 46032 • Telephone: 1-800-441-3978

**IF YOU HAVE BEEN UNABLE TO CONTACT OR OBTAIN SATISFACTION** from the company or the agent, you may contact the California Department of Insurance, Consumer Service Division at 1-800-927-HELP. The address is 300 South Spring Street, Los Angeles, CA 90013. You should always call the 800 number first. The California Insurance Department will then send you a form to complete and return. When contacting your agent, company or Department of Insurance, have your policy number available.

000026                    EXHIBIT  A

**EXHIBIT A**

587143

## NOTICE TO POLICYHOLDERS

If you should have any questions or concerns regarding your coverage, please do not hesitate to contact your agent or broker or our Customer Service Department.

**CONSECO SENIOR HEALTH INSURANCE COMPANY**
Home Office: Bensalem, PA
Administrative Office: 11815 North Pennsylvania Street
Carmel, IN 46032
Telephone: 1(800) 441-3978

If discussions with your agent or broker and/or our Customer Service Department do not provide satisfactory resolution to your concern, the California Department of Insurance my be contacted.

Consumer Communications Bureau
California Department of Insurance
300 S. Spring Street, South Tower
Los Angeles, CA 90013
Telephone: 1-800-927-HELP (4357)
(213-897-8921 if calling from within the Los Angeles area)
TDD Number: 1-800-482-4TDD (4833)

The Hotline hours are from 8:00 a.m. – 6:00 p.m. Pacific Time
Monday through Friday (except holidays)

Email: 927HELP@insurance.ca.gov

000027    EXHIBIT A

CSHIC-CN-CA-00

EXHIBIT A

CONSECO SENIOR HEALTH INSURANCE COMPANY
11825 N. Pennsylvania Street
Carmel, Indiana 46032-4555
1-800-441-3978



CONSECO.

000023    EXHIBIT  A

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Frank N. Darras #128904<br>SHERNOFF BIDART & DARRAS, LLP<br>3257 East Guasti Road, Suite 300<br>Ontario, CA 91761<br>TELEPHONE NO.: (909) 390-3770   FAX NO.: (909) 974-2121<br>ATTORNEY FOR *(Name)*: Plaintiff | **FILED**<br><br>2008 MAR 14 P 12: 50<br><br>K. TORRE, CLERK OF THE SUPERIOR COURT<br>CONTRA COSTA COUNTY, STATE OF CAL.<br>BY: _____ DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: Wakefield Taylor Courthouse
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553-1233
BRANCH NAME:

CASE NAME:
Campedei v. Conseco

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C 08-00499 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: TWO
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 11, 2008
FRANK N. DARRAS
_____
(TYPE OR PRINT NAME)    ►    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]    **CIVIL CASE COVER SHEET**    American LegalNet, Inc.
www.FormsWorkflow.com    Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov



ORIGINAL

EXHIBIT A

35

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

CAMPEDEL VS CONSECO

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC08-00599

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 07/31/08      DEPT: 16      TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

     Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant

Dated:  03/14/08           _____
                                S.HARBRECHT, Deputy Clerk


**EXHIBIT A**

36

ORIGINAL

| | |
|---|---|
| *Attorney or Party without Attorney:* Law Offices Of: Shernoff Bidart & Darras, Llp 3257 East Guasti Road Suite 300 Ontario, CA 91761 *Telephone No:* (909) 390-3770    *FAX No:* (909) 974-2121 | For Court Use Only

F I L L

APR 14 2008

A. TURKE CLERK OF THE COURT SUPERIOR COURT OF THE STATE OF CALIFO. COUNTY OF CONTRA COSTA

J. HUNTER Deputy Ck. |

*Attorney for:* Plaintiff

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
CONTRA COSTA COUNTY SUPERIOR COURT

*Plaintiff:* EUGENE J. CAMPEDEL, et al.

*Defendant:* CONSECO SENIOR HEALTH INSURANCE COMPANY, et al.

| PROOF OF SERVICE SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* C-08-00599 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE; NOTICE TO PLAINTIFFS; NOTICE TO DEFENDANTS; STIPULATION AND ORDER TO ATTEND AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; CASE MANAGEMENT STATEMENT; ADR INFORMATION PACKAGE

| | |
|---|---|
| *3. a. Party served:* | CONSECO SENIOR HEALTH INSURANCE COMPANY |
| *b. Person served:* | BECKY DeGEORGE, a person authorized to accept for the party in item 3.a.. |

| | |
|---|---|
| *4. Address where the party was served:* | CSC-LAWYERS INCORPORATING SERVICE 2730 Gateway Oaks Drive Suite 100 Sacramento, CA 95833 |

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 03, 2008 (2) at: 2:05PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: CONSECO SENIOR HEALTH INSURANCE COMPANY
   Under CCP 416.10 (corporation)

| | |
|---|---|
| *7. Person Who Served Papers:* a. Jim Wardlow b. **ALL PRO ATTORNEY SERVICES** 2410 FAIR OAKS BOULEVARD SUITE 125 Sacramento, CA 95825 c. (916) 974-7421, FAX (916) 974-7442 | Recoverable Cost Per CCP 1033.5(a)(4)(B) d. *The Fee for Service was:*    $33.00 e. I am: (3) registered California process server    *(i)* Owner    *(ii) Registration No.:*    87-010    *(iii) County:*    Sacramento |

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Thu., Apr. 03, 2008

Judicial Council Form POS-010
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE SUMMONS

(Jim Wardlow)

*sbd/ont.41778*

**EXHIBIT A**

37

# ORIGINAL





1    FRANK N. DARRAS #128904
     SHERNOFF BIDART & DARRAS, LLP
2    3257 East Guasti Road, Suite 300
     Ontario, CA 91761
3    Telephone:   (909) 390-3770
4    Facsimile:   (909) 974-2121

5    Attorneys for Plaintiffs

6

7                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF CONTRA COSTA

9

10   EUGENE J. CAMPEDEL; and          Case No.: C 08-00599
     CHARMAINE I. CAMPEDEL,

11             Plaintiff,             PROOF OF SERVICE OF SUMMONS
12                                    AND COMPLAINT ON DEFENDANT
          vs.                        CONSECO, INC.
13

14   CONSECO SENIOR HEALTH
     INSURANCE COMPANY; CONSECO,
15   INC.; DOES 1 THROUGH 10,

16             Defendants,            Date Action Filed:    March 14, 2008

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A                                          38

# AFFIDAVIT OF SERVICE OF PROCESS

Know all men by these presents that I, _Tina L. Ewer_

was assigned to duly execute this service upon the following { }witness { }plaintiff {x} defendant:
_Conseco, Inc._

I hereby depose and say:

1.    That I am of the necessary age and sound mind to execute said service.

2.    That I am not a party to the action or have any interest in it.

3.    That on _April 7, 2008_ at the time of _9:52 AM_
at the address of _11825 N. Pennsylvania · Carmel, IN_ I duly executed service
upon _Conseco - Legal Department ; 11825 Pennsylvania ; Carmel IN 46032_
delivering to { } him { } her {X} them a true copy of the attached {X} summons, { } subpoena, {X}
complaint, {} temporary order { } affidavit

{ } other_____

Received by: _Katie Robinson_                    Signed: _Tina L. Ewer_
            Katie Robinson                        International Investigators, Inc.
            on behalf of                          3216 N. Pennsylvania Street
            _Litigation Dept. - Conseco_          Indianapolis, Indiana 46205
                                                  (317) 925-1496

## FURTHER AFFIANT SAITH NOT
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

State of Indiana        )
                        ) SS:
County of Marion        )

Subscribed and sworn to before me this

_7th_ day of _April_, 20_08_.

_Brenda J. McGinley_
Notary Public:  Brenda J. McGinley

My Commission expires: October 28, 2015
County of Residence: Marion County

39

**EXHIBIT A**

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
2  3257 East Guasti Road, Suite 300
   Ontario, CA 91761
3  Telephone:  (909) 390-3770
4  Facsimile:  (909) 974-2121

5  Attorneys for Plaintiffs

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF CONTRA COSTA

9   EUGENE J. CAMPEDEL; and            Case No.: C 08-00599
10  CHARMAINE I. CAMPEDEL,
                                       PLAINTIFFS' NOTICE OF CHANGE OF
11        Plaintiffs,                  FIRM NAME

12     vs.

13  CONSECO SENIOR HEALTH
14  INSURANCE COMPANY; CONSECO,
    INC.; DOES 1 THROUGH 10,
15
16        Defendants.

17

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE that effective immediately, the firm name of

20  SHERNOFF, BIDART & DARRAS, LLP is being changed to SHERNOFF BIDART

21  DARRAS ECHEVERRIA, LLP.  The address, telephone and fax numbers remain the

22  same.

23

24  Dated: April 17, 2008          SHERNOFF BIDART DARRAS
                                    ECHEVERRIA, LLP
25

26

27                                  FRANK N. DARRAS
                                    Attorneys for Plaintiff
28

ORIGINAL                    - 1 -
                  PLAINTIFFS' NOTICE OF FIRM NAME CHANGE

                        EXHIBIT A                          40

Campedel v Conseco
Case No: C 08-00599

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3257 East Guasti Road, Suite 300, Ontario, California 91761.

On **April 22, 2008**, I served the foregoing document described as:

PLAINTIFFS' NOTICE OF CHANGE OF FIRM NAME

on all interested parties in this action by placing [ ] the original [ x ]a true copy thereof enclosed in sealed envelopes addressed as follows:

Defendant: CONSECO SENIOR HEALTH INSURANCE COMPANY
c/o Agent for Service: CSC Lawyers Incorp. Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Defendant: CONSECO, INC.
c/o CONSECO
11825 N. Pennsylvannia Street
Carmel, IN 46032

[ x ]BY MAIL
   I caused such envelope to be deposited in the mail at Ontario, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ]BY PERSONAL SERVICE
   I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ]BY OVERNIGHT MAIL/COURIER
   To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ]BY FACSIMILE ("FAX")
   in addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **April 22, 2008**, at Ontario, California.

_____
Catherine Carvalho

## EXHIBIT A                                          41

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 2, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s): **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**; in a sealed envelope, postage fully paid, addressed as follows:

Frank N. Darras
Shernoff Bidart Darras & Echeverria, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Tel: (909) 390-3770
Fax: (909) 974-2121
Attorneys for Plaintiffs

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 2, 2008, at Los Angeles, California.

_Barbara W. Jeong_
Barbara W. Jeong

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4836-8782-7458 v1