1  BURKE, WILLIAMS & SORENSEN, LLP
   Michael B. Bernacchi (SBN 163657)
2  E-mail:  mbernacchi@bwslaw.com
   444 South Flower Street, Suite 2400
3  Los Angeles, CA  90071-2953
   Tel:  213.236.0600
4  Fax:  213.236.2700

5  Attorneys for Defendant Conseco Senior
   Health Insurance Company
6

7

8              **UNITED STATES DISTRICT COURT**

9     **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

10

11 EUGENE J. CAMPEDEL and            Case No.  C 08-02300 WDB
   CHARMAINE I. CAMPEDEL,
12                                   **ANSWER TO COMPLAINT**
                 Plaintiffs,
13
   v.
14
   CONSECO SENIOR HEALTH
15 INSURANCE COMPANY;
   CONSECO, INC.; DOES 1
16 THROUGH 10,

17              Defendants.

18

19        Defendant Conseco Senior Health Insurance Company ("Answering

20 Defendant" or "Conseco") answers the Complaint of Plaintiffs Eugene J. Campedel

21 ("Mr. Campedel") and Charmaine I. Campedel ("Mrs. Campedel") (collectively

22 "Plaintiffs") by admitting, denying and alleging as follows:

23

24              **RESPONSE TO GENERAL ALLEGATIONS**

25

26        1.    Responding to the allegations of paragraph 1, Answering Defendant

27 maintains that said paragraph does not contain factual allegations requiring a

28 response.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-2213-3506 v1

2.     Responding to the allegations of paragraph 2, Answering Defendant denies each and every allegation of said paragraph.

3.     Responding to the allegations of paragraph 3, Answering Defendant admits that the subject policy was purchased from American Travelers Insurance Company ("ATL") which was subsequently acquired by Conseco Senior Health Insurance Company.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

4.     Responding to the allegations of paragraph 4, Answering Defendant admits that the subject policy was sold to Plaintiffs as a long term care insurance policy.  Answering Defendant further admits that premiums under the policy have been paid or waived through early 2008.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

5.     Responding to the allegations of paragraph 5, Answering Defendant admits that in 2006, Mrs. Campedel submitted a claim under the subject long term care policy.  Based on the claim information submitted, Conseco paid certain long term care benefits following the policy's 100-day elimination period.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

6.     Responding to the allegations of paragraph 6, Answering Defendant admits that in 2006, Mrs. Campedel submitted a claim under the subject long term care policy.  Based on the claim information submitted, Conseco paid certain long term care benefits following the policy's 100-day elimination period.  Answering Defendant further admits that premiums under the policy have been paid or waived through early 2008.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

/ / /

/ / /

/ / /

# RESPONSE TO FACTUAL ALLEGATIONS

7.     Responding to the allegations of paragraph 7, Answering Defendant admits the allegations of said paragraph.

8.     Responding to the allegations of paragraph 8, Answering Defendant admits that Conseco, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Carmel, Indiana. Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

9.     Responding to the allegations of paragraph 9, Answering Defendant admits that Conseco Senior Health Insurance Company is a corporation, organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Carmel, Indiana.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

10.     Responding to the allegations of paragraph 10, Answering Defendant denies each and every allegation of said paragraph and further alleges that Defendants Does 1 through 10, inclusive, is a misnomer as said alleged defendants have not been served with summons and complaint in this action; that said alleged defendants are wholly fictitious and were included in the Complaint as a matter of course; that the Complaint does not state a claim for relief against said fictitious defendants; and, that said fictitious defendants are nominal and could not have substantial rights or obligations which would affect or be affected by this action. Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

11.     Responding to the allegations of paragraph 11, Answering Defendant denies each and every allegation of said paragraph.

12.     Responding to the allegations of paragraph 12, Answering Defendant admits that long term care policy no. 587143 was issued to Eugene J. Campedel and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-2213-3506 v1          - 3 -          CASE NO. C 08-02300 WDB
ANSWER TO COMPLAINT

Charmaine I. Campedel on or about November 8, 1996 by ATL, which was subsequently acquired by Conseco Senior Health Insurance Company.  Answering Defendant further admits that the initial quarterly premium on the policy was approximately $800, and said quarterly premium has increased over the 11 years the policy has been in force.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

13.     Responding to the allegations of paragraph 13, Answering Defendant admits that Plaintiffs purchased long term care insurance policy no. 587143.  The policy speaks for itself and is the best evidence of its terms, conditions and limitations.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

14.     Responding to the allegations of paragraph 14, Answering Defendant admits that Plaintiffs purchased long term care insurance policy no. 587143.  The policy speaks for itself and is the best evidence of its terms, conditions and limitations.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

15.     Responding to the allegations of paragraph 15, Answering Defendant admits that on or about August 14, 2006, Dr. De Monteiro signed a physician's claim form which was subsequently submitted to Conseco.  The content of the form speaks for itself.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

16.     Responding to the allegations of paragraph 16, Answering Defendant admits that during the pendency of the claim, it received from Chateau Home Care itemized bills and program notes which reflected home care for Mrs. Campedel commencing on or about August 9, 2006.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

17.     Responding to the allegations of paragraph 17, Answering Defendant admits that in the Fall of 2006, it began receiving itemized bills and progress notes

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-2213-3506 v1          - 4 -          CASE NO. C 08-02300 WDB
ANSWER TO COMPLAINT

from Chateau Home Care. Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

18.    Responding to the allegations of paragraph 18, Answering Defendant admits that it received itemized bills and progress notes for dates of service into May of 2007 from Chateau Home Care. Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

19.    Responding to the allegations of paragraph 19, Answering Defendant is without sufficient information and belief as to the truth of the allegations of said paragraph and thus at this time is unable to admit or deny the allegations of said paragraph.

20.    Responding to the allegations of paragraph 20, Answering Defendant admits that on or about September 14, 2007, it contacted Mrs. Campedel and advised her that she had met 45 days of the 100-day elimination period. Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

21.    Responding to the allegations of paragraph 21, Answering Defendant is without sufficient information and belief as to the truth of the allegations of said paragraph and thus at this time is unable to admit or deny the allegations of said paragraph.

22.    Responding to the allegations of paragraph 22, Answering Defendant is without sufficient information and belief as to the truth of the allegations of said paragraph and at this time is unable to admit or deny the allegations of said paragraph.

23.    Responding to the allegations of paragraph 23, Answering Defendant denies each and every allegation of said paragraph.

24.    Responding to the allegations of paragraph 24, Answering Defendant is without sufficient information and belief as to the truth of the allegations of said paragraph and thus at this time is unable to admit or deny the allegations of said

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-2213-3506 v1                                    - 5 -                    CASE NO. C 08-02300 WDB
                                                                                 ANSWER TO COMPLAINT

paragraph.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

25.     Responding to the allegations of paragraph 25, Answering Defendant admits that in December of  2007, it wrote to Plaintiffs and informed them that Mrs. Campedel had qualified for benefits under the provisions of her policy.  The precise content of Conseco's letter speaks for itself.  Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

26.     Responding to the allegations of paragraph 26, Answering Defendant admits that it issued payments to Plaintiffs under the provisions of the policy. Except as expressly admitted or alleged herein, Answering Defendant denies each and every allegation of said paragraph.

27.     Responding to the allegations of paragraph 27, Answering Defendant is without sufficient information and belief to form a response to this paragraph and, on that basis, denies each and every allegation of said paragraph.

## RESPONSE TO FIRST CAUSE OF ACTION

28.     Responding to the allegations of paragraph 28, Answering Defendant incorporates by reference its responses to paragraphs 1 through 27, inclusive, as though fully set forth in this response.

29.     Responding to the allegations of paragraph 29, Answering Defendant denies each and every allegation of said paragraph and specifically denies that it breached its duty of good faith and fair dealing under the terms of the long term care policy.

46.     [sic]  Responding to the allegations of paragraph 46, Answering Defendant denies each and every allegation of said paragraph.

/ / /

1    47.    Responding to the allegations of paragraph 47, Answering Defendant

2  denies each and every allegation of said paragraph and specifically denies that

3  Plaintiffs have been damaged in any manner whatsoever.

4    48.    Responding to the allegations of paragraph 48, Answering Defendant

5  denies each and every allegation of said paragraph and specifically denies that

6  Plaintiffs have been damaged in any manner whatsoever.

7    49.    Responding to the allegations of paragraph 49, Answering Defendant

8  denies each and every allegation of said paragraph and specifically denies that its

9  conduct in handling the long term care claim which is the subject of this lawsuit

10  constituted malice, oppression or fraud as defined under California Civil Code §

11  3294.

12    50.    Responding to the allegations of paragraph 50, Answering Defendant

13  denies each and every allegation of said paragraph.

14

15              **RESPONSE TO SECOND CAUSE OF ACTION**

16

17    51.    Responding to the allegations of paragraph 51, Answering Defendant

18  incorporates by reference its responses to paragraphs 1 through 50, inclusive, as

19  though fully set forth in this response.

20    52.    Responding to the allegations of paragraph 52, Answering Defendant

21  admits that both it and Plaintiffs owed certain duties and obligations under the

22  terms of the long term care policy at issue in this litigation.  Except as expressly

23  admitted or alleged, Answering Defendant denies each and every allegation of said

24  paragraph.

25    53.    Responding to the allegations of paragraph 53, Answering Defendant

26  denies each and every allegation of said paragraph.

27  / / /

28  / / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-2213-3506 v1                    - 7 -                    CASE NO. C 08-02300 WDB
ANSWER TO COMPLAINT

54.    Responding to the allegations of paragraph 54, Answering Defendant denies each and every allegation of said paragraph and specifically denies that Plaintiffs have been damaged in any manner whatsoever.

## FIRST AFFIRMATIVE DEFENSE

55.    The Complaint, and each of its alleged causes of action, fails to state a claim upon which relief may be granted against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

56.    The Complaint, and each of its alleged causes of action, is barred by the applicable statutes of limitations and/or contractual limitations periods.

## THIRD AFFIRMATIVE DEFENSE

57.    The Complaint, and each of its alleged causes of action, is barred by Plaintiffs' failure to exhaust contractual and administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

58.    The Complaint, and each of its alleged causes of action, is barred by the doctrines of waiver, estoppel, unclean hands, and laches.

## FIFTH AFFIRMATIVE DEFENSE

59.    Answering Defendant alleges on information and belief that, after the occurrence of the alleged loss and damage to Plaintiffs, Plaintiffs herein failed and

refused to mitigate their damages and by reason thereof, they are barred, in whole or in part, from recovery from Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

60.    Answering Defendant alleges on information and belief that the incident, injury or damage alleged in the Complaint occurred and was proximately caused by either the sole negligence or sole bad faith conduct of Plaintiffs, which bars Plaintiffs' recovery, or was contributed to by Plaintiffs' negligence or bad faith conduct.  Plaintiffs' recovery, if any, should be reduced by an amount proportionate to the amount by which Plaintiffs' negligence or bad faith conduct contributed to the happening of the alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

61.    Each and every act or statement done or made by Answering Defendant, its officers, employees, agents, or attorneys, with reference to Plaintiffs, or Plaintiffs' claim, was a good faith assertion of its rights and was privileged.

## EIGHTH AFFIRMATIVE DEFENSE

62.    Plaintiffs' claims for extra-contractual damages are barred by the provisions of California Insurance Code § 10111.

## NINTH AFFIRMATIVE DEFENSE

63.    Plaintiffs' claim for attorneys' fees is barred by California Code of Civil Procedure § 1021.

1

2

## **TENTH AFFIRMATIVE DEFENSE**

3       64.     Plaintiffs' claim for punitive damages is barred by the Fourteenth

4   Amendment substantive due process provision of the Constitution of the United

5   States of America and/or the Article 1, § 7 substantive due process provision of the

6   Constitution of the State of California.

7

8

## **ELEVENTH AFFIRMATIVE DEFENSE**

9

10      65.     Plaintiffs' claim for punitive damages is barred by the Fourteenth

11  Amendment procedural due process provision of the Constitution of the United

12  States of America and/or the Article 1, § 7 procedural due process provision of the

13  Constitution of the State of California.

14

15

## **TWELFTH AFFIRMATIVE DEFENSE**

16

17      66.     Plaintiffs' claim for punitive damages is barred by the Article 1, § 17

18  excessive fines provision of the Constitution of the State of California.

19

20

## **THIRTEENTH AFFIRMATIVE DEFENSE**

21

22      67.     Plaintiffs' claim for punitive damages is barred by the Article 1, § 10

23  contracts clause of the Constitution of the United States of America and/or the

24  Article 1, § 9 contracts clause of the Constitution of the State of California.

25  / / /

26  / / /

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-2213-3506 v1                    - 10 -                    CASE NO. C 08-02300 WDB
                                                                    ANSWER TO COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

68.    Should Plaintiffs produce clear and convincing evidence sufficient to satisfy the requirements for punitive damages under Civil Code § 3294 as to Answering Defendant, any punitive damages awarded must be reasonable in terms of the guideposts established by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), and refined in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003): (1) the degree of reprehensibility of defendants' conduct; (2) the actual harm inflicted; and (3) the civil or criminal penalties that could be imposed for comparable conduct.

WHEREFORE, Answering Defendant prays judgment:

1.    That Plaintiffs take nothing by reason of their Complaint;

2.    For costs of suit incurred herein, including attorneys' fees; and

3.    For such other and further relief as the Court may deem just and proper.

Dated: May 9, 2008                     Burke, Williams & Sorensen, LLP
                                       Michael B. Bernacchi


                                       By: */s/ Michael B. Bernacchi*
                                           Michael B. Bernacchi
                                       Attorneys for Defendant Conseco
                                       Senior Health Insurance Company

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-2213-3506 v1                  - 11 -                  CASE NO. C 08-02300 WDB
                                                              ANSWER TO COMPLAINT