FRANK N. DARRAS #128904, email: fdarras@sbdelaw.com
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Telephone: 909-390-3770
Facsimile: 909-974-2121

Attorneys for Plaintiffs

MICHAEL B. BERNACCHI # 163657, email: mbernacchi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 S. Flower Street, Suite 2400
Los Angeles, CA
Telephone: 213-236-0600
Facsimile: 213-236-2700

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| EUGENE J. CAMPEDEL; and CHARMAINE I. CAMPEDEL,<br><br>Plaintiffs,<br><br>vs.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY,<br><br>Defendant. | Case No.: C 08-02300 SBA<br><br>JOINT REPORT RE FRCP RULE 26(f) CONFERENCE OF THE PARTIES |

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to Federal Rule of Civil Procedure 26(f), the following is a report regarding the Conference of the Parties held on July 15, 2008 between Michael B. Bernacchi of Burke, Williams & Sorenson, LLP, on behalf of Defendant Conseco Senior

Health Insurance Company (hereinafter "Defendant") and Frank N. Darras, of Shernoff Bidart Darras Echeverria, LLP, on behalf of Plaintiffs Eugene Campedel and Charmaine Campedel (hereinafter "Plaintiffs").

On the above given date, the parties conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the following:

### 1. NATURE AND BASIS OF CLAIMS AND DEFENSES

**A.   Subject matter jurisdiction**: The basis for subject matter jurisdiction in this removed diversity action is that it is an action between Plaintiffs residents of California and Defendant corporation incorporated under the laws of the State of Indiana. At the time of the removal, there was complete diversity of citizenship at all times. The amount in controversy is and at all times has been in excess of $75,000.00.

**B.   Concise statement of factual and legal basis of the claims and defenses**:

**(1)   Plaintiffs' Statement**: Plaintiff filed a claim in 2006 with Defendant pursuant to an individual Long Term Care policy. Plaintiffs sought financial assistance from Defendant due to Mrs. Campedel's inability to independently perform the Activities of Daily Living. Instead of timely and competently administering Plaintiffs' claim, Defendant has unnecessarily and unreasonably delayed, ignored and failed to timely pay Plaintiffs' claim. These delays have caused Plaintiffs and their family emotional distress and financial difficulties. In addition, Defendant failed to timely provide protection under the Policy's Waiver of Premium clause and has instead required Plaintiffs continue making premium payments in order to keep the Policy in force.

1    **(2)   Defendant's Statement**: On or about November 8, 1996, American Travelers Insurance Company (the predecessor corporation to Conseco Senior Health Insurance Company) issued long-term care insurance policy no. 587143 to Eugene J. Campedel and Charmaine I. Campedel. The policy has a lifetime benefit period and an *elimination period* of **100 days** (the insured has to actually receive long term care on a particular day to have it applied towards the elimination period). Finally, the policy contains a waiver of premium ("WOP") provision. This provision states that the company will waive the payment of each premium coming due after the benefits have been payable under the policy for at least 90 "continuous days" and while benefits continue.

In late 2006, a claim form was filled out and submitted by Charmaine L. Campedel in which she requested home health care benefits as a result of becoming disabled. Based on the information that was submitted, Conseco determined that the elimination period under the policy was not reached until July 11, 2007. Conseco paid the claim from July 12, 2007 through November 27, 2007, at which time no further claim information was submitted by Plaintiffs. Accordingly, based on the information provided to it, Conseco believes that it has correctly paid all benefits due and owing under the policy and correctly applied the waiver of premium provision.

**C.   Estimate of court day's required to present case-in-chief**. It is the estimate of both Plaintiffs and Defendant that 5 court days should be spent trying this matter exclusive of impaneling and instructing the jury.

**D.   Jury or non-jury trial**. Plaintiffs assert they have timely and properly requested a jury and that this will be a jury trial.

**E.   Trial counsel**. Frank N. Darras will try the case for Plaintiffs. Michael B. Bernacchi will try the case for Defendant.

## 2. SETTLEMENT

In accordance with FRCP 16(c), the parties elect to participate and use the following special procedures to assist in resolving the dispute as authorized by statute or local rule:

    **A.** **Plaintiffs select Settlement Procedure No. 3** [Non-judicial dispute resolution proceeding (Local Rule 16-15.4)]

    **B.** **Defendant selects Settlement Procedure No. 3** [Non-judicial dispute resolution proceeding (Local Rule 16-15.4)]

    **C.** With respect to prospects of settlement and proposed date of compliance with Local Rule 16-14, it is the position of both Plaintiffs and Defendant that the parties will have to engage in some initial discovery in order to properly value the case and that they can then discuss settlement. On the assumption that the pretrial conference and trial dates will be set reasonably close to the dates requested, the parties suggest a October 21, 2008 deadline for compliance with Local Rule 16-15.1 (Mandatory Settlement Procedures)

## 3. FRCP 26(a) - DISCLOSURES

    **A.** **Initial Disclosures:** During the FRCP 26(f) Conference of the Parties, it was agreed that, on or before August 25, 2008 the parties would file this Joint Report with the court in accordance with FRCP 26(f) and, in accordance with FRCP 26(a)(1), provide to the other parties by September 2, 2008 in their respective Initial Disclosures the following:

///

(1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(2) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(4) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**B.   Expert Disclosures:** During the FRCP 26(f) Conference of the Parties, it was agreed that experts will be disclosed pursuant to FRCP 26(a)(2)(C) (at least 90 days before the trial date), and reports will be required.

### 4.   DISCOVERY PLAN

**A.   The parties believe that the subjects on which discovery may be needed are:**

**(1)   Per Plaintiffs:** Subject to receiving the claim file in this matter from Defendant, Plaintiffs anticipate taking the depositions of Defendant's employees; the

person most knowledgeable regarding the investigation and evaluation of Plaintiffs' claim; the person most knowledgeable regarding the delay in providing benefits on Plaintiffs' claim; and the person most knowledgeable regarding the review and/or evaluation of Plaintiffs' inability to perform the Activities of Daily Living. Plaintiffs also intend to propound multiple sets of Special Interrogatories, Request for Admissions, and Requests for Production of Documents; and serve multiple subpoenas for the production of records from various third party custodians of record.

    **(2)** **Per Defendant:** Defendant anticipates taking the depositions of Plaintiffs; Mrs. Campedel's caregivers; and Plaintiffs' family members. Defendant also intends to propound multiple sets of Special Interrogatories, Request for Admissions, and Requests for Production of Documents; and serve multiple subpoenas for the production of records from various third party custodians of record.

**B.**    The parties agree that Discovery should not be conducted in phases.

**C.**    The parties agree that no changes should be made in the limitations on Discovery imposed by the FRCP or by local rule, and that no other limitations on Discovery should be imposed.

**D.**    The parties anticipate that they will be better able to formulate and simplify the issues and eliminate any frivolous claims or defenses prior to the date set for trial.

**E.**    The parties anticipate that they will be better able to obtain admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence, during discovery and prior to the date set for trial.

/ / /

/ / /

  **F.** The parties do not elect to have the trial on this matter referred to a Magistrate Judge or Master pursuant to Title 28 United States Code, Section 636(c) and the Local Magistrate Judge's Rule 73. Plaintiffs reports that they have discussed this with their counsel and does not at this time wish to consent to this procedure. Defendant reports that this subject has been discussed with its outside counsel and that it does not wish at this time to consent to this procedure.

  **G.** No major procedural or evidentiary problems are currently anticipated by the parties.

  **H.** Pursuant to Local Rule 16-6, exhibits shall be identified, numbered, and listed in numerical order. Therefore, the parties agree that Plaintiffs shall utilize Exhibit Nos. 1-5000, and Defendant will utilize Exhibits Nos. 5001- 10,000, when identifying, numbering, and listing exhibits, including those exhibits identified and numbered during depositions.

  **I.** The parties agree that the Court should enter a scheduling order that limits the time for:

    (1) Rule 16(b) - **Joining other parties and amending the pleadings:** Plaintiffs and Defendant agree and propose October 1, 2008, as the last day to file motions for such relief;

    (2) Rule 16(b) - **Filing motions:** Plaintiffs and Defendant agree and propose that all pretrial motions other than in limine motions be filed no later than **May 31, 2009**;

    (3) Rule 16(b) - **Completing Discovery:** As this matter is currently in the preliminary stages of discovery, it is requested that adequate time be allowed for the discovery stage as many of the suggested deponents are out of state. The parties anticipate that discovery should be completed by **May 18, 2009**;

1       (4)    Rule 16(b) - **Setting Pre-trial Conference and Trial dates:** The parties agree that the Pre-trial Conference (PTC) should be set for a date in late **June** and TRIAL should be set for a date in late **July**.

DATED: August 25, 2008                SHERNOFF BIDART DARRAS ECHEVERRIA, LLP

*/s/ Frank N. Darras*

_____
FRANK N. DARRAS
Attorneys for Plaintiffs

DATED: August 25, 2008                BURKE, WILLIAMS & SORENSON LLP

*/s/ Michael B. Bernacchi*

_____
MICHAEL B. BERNACCHI
Attorneys for Defendant

LA #4820-8143-4370 v1
8/25/08