FRANK N. DARRAS (SBN 128904)
E-Mail: fdarras@sbdelaw.com
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road
Ontario, CA 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiffss EUGENE J. CAMPEDEL; and CHARMAINE I. CAMPEDEL

Michael B. Bernacchi (SBN 163657)
E-mail: dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Facsimile: (213) 236-2700

Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

SHERNOFF BIDART DARRAS ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

EUGENE J. CAMPEDEL; and CHARMAINE I. CAMPEDEL,

Plaintiffs,

v.

CONSECO SENIOR HEALTH INSURANCE COMPANY,

Defendant.

**CASE NO. C 08-02300 SBA**

**JOINT CASE MANAGEMENT STATEMENT AND (PROPOSED) ORDER**

**Conference Date: September 4, 2008**
**Time: 2:45 p.m.**
**Ctrm: 3**

Counsel for Plaintiffs EUGENE J. CAMPEDEL; and CHARMAINE I. CAMPEDEL and Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY met and conferred on the subjects required for this report, and provide the following statement:

**1. Jurisdiction and Service:**

Federal jurisdiction is invoked by a federal question arising under FRCP Rule 28 U.S.C. 1441(a) diversity. All Defendants named in the Complaint have been served and have appeared. No other parties remain to be served or named.

**2. Substance of the Action:**

**A. Subject matter jurisdiction**: The basis for subject matter jurisdiction in this removed diversity action is that it is an action between Plaintiffs residents of California and Defendant corporation incorporated under the laws of the State of Indiana. At the time of the removal, there was complete diversity of citizenship at all times. The amount in controversy is and at all times has been in excess of $75,000.00.

**B. Concise statement of factual and legal basis of the claims and defenses:**

**(1) Plaintiffs' Statement**: Plaintiff filed a claim in 2006 with Defendant pursuant to an individual Long Term Care policy. Plaintiffs sought financial assistance from Defendant due to Mrs. Campedel's inability to independently perform the Activities of Daily Living. Instead of timely and competently administering Plaintiffs' claim, Defendant has unnecessarily and unreasonably delayed, ignored and failed to timely pay Plaintiffs' claim. These delays have caused Plaintiffs and their family emotional distress and financial difficulties. In addition, Defendant failed to timely provide protection under the Policy's Waiver of Premium clause and has instead required Plaintiffs continue making premium payments in order to keep the Policy in force.

**(2) Defendant's Statement**: On or about November 8, 1996, American Travelers Insurance Company (the predecessor corporation to Conseco Senior Health Insurance Company) issued long-term care insurance policy no.

SHERNOFF BIDART DARRAS ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

587143 to Eugene J. Campedel and Charmaine I. Campedel. The policy has a lifetime benefit period and an *elimination period* of ***100 days*** (the insured has to actually receive long term care on a particular day to have it applied towards the elimination period). Finally, the policy contains a waiver of premium ("WOP") provision. This provision states that the company will waive the payment of each premium coming due after the benefits have been payable under the policy for at least 90 "continuous days" and while benefits continue.

In late 2006, a claim form was filled out and submitted by Charmaine L. Campedel in which she requested home health care benefits as a result of becoming disabled. Based on the information that was submitted, Conseco determined that the elimination period under the policy was not reached until July 11, 2007. Conseco paid the claim from July 12, 2007 through November 27, 2007, at which time no further claim information was submitted by Plaintiffs. Accordingly, based on the information provided to it, Conseco believes that it has correctly paid all benefits due and owing under the policy and correctly applied the waiver of premium provision.

**3. <u>Legal Issues</u>:**

The only potential legal issues the parties believe they will be faced with are contractual interpretation issues with respect to the long term care policy at issue in this litigation.

4. **<u>Narrowing of Issues</u>:**

The issues before the Court are whether: (1) Whether Plaintiffs have been paid all long term care benefits due and owing under the policy; (2) Whether Defendant breached the long term care policy; and, (3) If Defendant breached the long term care policy, whether Defendant also breached the duty of good faith and fair dealing.



SHERNOFF BIDART DARRAS ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

**5. Motions:**

The parties may need to seek the assistance of the Court if discovery disputes arise.

Defendant anticipates filing a motion for partial summary judgment regarding the claim for breach of the duty of good faith and fair dealing and punitive damages. Depending on the results of discovery, it may also seek to file a motion for summary judgment.

**6. Relief:**

Plaintiffs seeks the recovery of long term care benefits from 2006 to date of trial, and award of future long term care benefits, an award for emotional distress and punitive damages as well as attorney fees and costs. Defendant seeks recovery of its respective costs of suit.

**7. Discovery:**

**(1) Per Plaintiffs:** Subject to receiving the claim file in this matter from Defendant, Plaintiffs anticipate taking the depositions of Defendant's employees; the person most knowledgeable regarding the investigation and evaluation of Plaintiffs' claim; the person most knowledgeable regarding the delay in providing benefits on Plaintiffs' claim; and the person most knowledgeable regarding the review and/or evaluation of Plaintiffs' inability to perform the Activities of Daily Living. Plaintiffs also intend to propound multiple sets of Special Interrogatories, Request for Admissions, and Requests for Production of Documents; and serve multiple subpoenas for the production of records from various third party custodians of record.

**(2) Per Defendant:** Defendant anticipates taking the depositions of Plaintiffs'; Mrs. Campedel's caregivers; and Plaintiffs' family members. Defendant also intends to propound multiple sets of Interrogatories, Request for

SHERNOFF BIDART DARRAS ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

Admissions and Requests for Production of Documents; and serve multiple subpoenas for the production of records from various third party custodians of record.

**8. Alternative Means of Disposition:**

The parties believe that this case is not suitable for reference to binding arbitration, to a master, or a magistrate for trial. The parties respectfully decline to consent to the Magistrate Judge for the conduct of all further proceedings.

**9. Pretrial Conference and Trial Setting:**

**A. Estimate of court day's required to present case-in-chief.** It is the estimate of both Plaintiffs and Defendant that 5 court days should be spent trying this matter exclusive of impaneling and instructing the jury.

**B. Jury or non-jury trial.** Plaintiffs assert they have timely and properly requested a jury and that this will be a jury trial.

**C. Trial counsel.** Frank N. Darras will try the case for Plaintiffs. Michael B. Bernacchi will try the case for Defendant.

Based on the above, the parties propose the following schedule:

| | |
|---|---|
| July Trial (5 days): | July ___, 2009 |
| Pre-Trial Conference: | June ___, 2009 |

**10. Related Cases:**

None.

**11. Cut-Off Dates:**

| | |
|---|---|
| Discovery cutoff: | May 18, 2009 |
| Last day to add parties: | October 1, 2008 |

///

SHERNOFF BIDART DARRAS ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

Dispositive motion hearing deadline: June 22, 2009
Mediation completion deadline: October 21, 2008

**12. Settlement and ADR:**

The parties are agreeable to conducting a private mediation of the matter and are in the process of scheduling such mediation. In accordance with FRCP 16(c), the parties elect to participate and use the following special procedures to assist in resolving the dispute as authorized by statute or local rule:

**13. Other Matters:**

None.

**14. Disclosures:**

The parties are in the process of assembling materials for full and timely disclosure under F.R.C.P. 26. It is anticipated that these disclosures will be made on September 2, 2008. Plaintiffs anticipate these disclosures to include medical records, policy and plan documents, and other evidence relating to Plaintiffs' claim. Defendant's initial disclosures will consist of include medical records, policy and plan documents, and other evidence relating to the claim.

**15. Other References:**

Not applicable.

**16. Amendment of Pleadings:**

None anticipated.

**17. Class Actions:**

Not applicable.







SHERNOFF BIDART DARRAS ECHEVERRIA LLP
LAWYERS FOR INSURANCE POLICYHOLDERS

**18. <u>Disclosure of Non-Party Interested Entities or Persons</u>:**

The parties have filed the required Certification of Interested Entities or Persons under Civil Local Rule 3-16. Other than these disclosures, neither party is aware of any other persons, firms, partnerships, corporations or entities known to have a financial interest in the subject matter in controversy or any party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Respectfully submitted,

DATED: September 3, 2008

SHERNOFF BIDART DARRAS ECHEVERRIA, LLP

By: */s/ Frank N. Darras*
FRANK N. DARRAS
Attorneys for Plaintiffs Eugene J. Campedel and Charmaine I. Campedel

DATED: September 3, 2008

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Michael B. Bernacchi*
MICHAEL B. BERNACCHI
Attorneys for Defendant CONSECO SENIOR HEALTH INSURANCE COMPANY

**<u>(PROPOSED) ORDER</u>**

It is so ordered.

Dated: September _____, 2008

_______________________________
Hon. Saundra Brown Armstrong
UNITED STATES DISTRICT JUDGE



SHERNOFF BIDART DARRAS ECHEVERRIA LLP LAWYERS FOR INSURANCE POLICYHOLDERS